IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

```
FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 AUG 10 PM 1:29

MARGARET BOTKINS, CLERK
         CASPER
```

DAVID ANTHONY McKEOWN,

    Plaintiff,

CLYDE HARRIS; Sheriff, Platte County, Wyoming,

DAVID RUSSELL; Captain, Platte County Detention Center,

JOHN DOE #1; Director of Medical Services, Platte County Detention Center,

JOHN DOE #2; Chief of Security, Platte County Detention Center,

JOHN DOE(s) #3 through #7; Supervisors, Platte County Detention Center,

JOHN DOE(s) #8 through #12; Detention Officer(s), Platte County Detention Center,

JOHN DOE(s) #13 through #16; Medical Staff Member(s), Platte County Detention Center.

JOHN DOE(s) #17 through #24; Detention Officer(s) and/or Supervisors, Scotts Bluff County Detention Center,

NO. 20CV152-SWS

CIVIL RIGHTS COMPLAINT
(Pursuant to 42 U.S.C. 1983 et. seg.)

    COMES NOW the plaintiff, David Anthony McKeown, in propria persona (with the assistance of a federal inmate housed within the same facility as plaintiff), and for his Civil Rights Complaint, pursuant to 42 U.S.C. 1983 et. seg., against the above so-named defendants, does hereby affirm, swear to, and state as follows:

I. INTRODUCTION

    1. This Civil Action arises under, inter alia, the Constitution of the United States of America, 42 U.S.C. 1983 et. seg., and the Common Law of the State of Wyoming.

    2. As alleged in greater detail below, in January 2019 Plaintiff was involved in a police chase which ended when he jumped from a highway overpass resulting in various serious physical injuries, including, but not limited to, a compound fracture of his right femur, which required major emergency surgery for purposes of implanting a titanium rod that stretched from his knee to hip.

    Upon release from the hospital (approximately 24 hours after his major surgery) plaintiff was placed first in the Platte County Detention Center located in Wheatland, Wyoming, and then (Approximately 1 week later) in the Scotts Bluff County Detention Center located in Gering, Wyoming.

    This civil action alleges various violations of plaintiffs constitutionally based rights by various defendants, all of whom, at the time of said incidences, were supervisors and/or personnel at the Platte County Detention Center or the Scotts Bluff County Detention Center.

    Plaintiff, who has been continuously incarcerated since the incidences described within this complaint, is currently incarcerated at a Federal medical Center. This civil action is presented with the [temporary] assistance of a fellow inmate. The majority of defendants named in this action are, out of current necessity, named "JOHN DOE(s)" (1 through 24) as the plaintiff is

currently without sufficient access to those records and/or information needed in order to specifically identify each such defendant by their actual names. As such plaintiff fully intends to seek leave to amend this complaint at a later date, once such information is ascertained through proper discovery procedures.

## II. PARTIES

3. On information and belief, defendant Clyde Harris was, at all times material to this complaint, the elected sheriff of Platte County, Wyoming.

4. On information and belief, defendant David Russell was, at all times material to this complaint, Captain, and Administrator, of the Platte County Detention Center located in Wheatland, Wyoming.

5. On information and belief, defendant John Doe #1 was, at all times material to this complaint, Director of Medical Services at the Platte County Detention Center located in Wheatland, Wyoming.

6. On information and belief, defendant John Doe #2 was, at all times material to this complaint, Chief of Security of the Platte County Detention Center located in Wheatland, Wyoming.

7. On information and belief, defendants John Doe #3 through John Doe #7 were, at all times material to this complaint, Detention Center Supervisors at the Platte County Detention Center located in Wheatland, Wyoming.

8. On information and belief, defendants John Doe #8 through John Doe #12 were, at all times material to this complaint, Detention Center Officers at the Platte County Detention Center located in Wheatland, Wyoming.

9. On information and belief, defendants John Doe #13 through John Doe #16 were, at all times material to this complaint, Detention Center Medical Staff at the Platte County Detention Center located in Wheatland, Wyoming.

10. On information and belief, defendants John Doe #17 through John Doe #24 were, at all times material to this complaint, Detention Center Officers and/or Supervisors at the Scotts Bluff County Detention Center located in Scotts Bluff, Nebraska.

11. Platte County, Wyoming, defendants, each of them, acted toward plaintiff under color of the statutes, ordinances, policies, and customs of the State of Wyoming and County of Platte at all times material to this complaint.

12. Scotts Bluff County, Nebraska defendants, each of them, acted toward plaintiff under color of the statutes ordinances, policies, and customs of the State of Nebraska and County of Scotts Bluff at all times material to this complaint.

13. Plaintiff is currently without sufficient access to records and/or documentation needed in order to specifically identify the defendants specifically by their true given names and/or official positions. As such plaintiff fully intends to amend his complaint, for purposes of properly identifying each defendant by name and official position as soon as he is able to ascertain such information through proper discovery procedures.

14. Plaintiff, David Anthony McKeown, is a citizen of the United States of America. He is a Federal Prisoner ( FOP Registry Number 17322-091) confined at the Federal Medical Center Devens, located in P.O. Box 879, Ayer, Massachusetts. 01432. He has been continuously incarcerated since the events which gave rise to this action. He is not a lawyer, not educated in law or legal procedures, and unable to prosecute this action without the assistance of counsel. The complaint presented herein has been prepared and submitted through the assistance of another Federal Inmate who is housed at the same facility as plaintiff.

## III. JURISDICTION AND VENUE

15. Jurisdiction and venue is proper in this district pursuant to 28 USCS 1331, 1332, and 1343, as the civil action arises under the constitution of the United States and involves incidences which began in Wheatland, Wyoming, and continued into Scotts Bluff, Nebraska, all while plaintiff was under detention for the Federal District Court of Wyoming. Supplemental jurisdiction exists pursuant to 28 USCS 1367 over all other claims stated herein, including claims surrounding incidences alleged to have occurred in Scotts Bluff County, Nebraska, as part of the continuation of the violations of his rights as described within this complaint. Additionally, this civil action involves conduct and incidences that began in, and is between parties whom reside, or at the specific times of the incidences resided in, Wheatland, Wyoming and/or Scotts Bluff, Nebraska.

## IV. FACTUAL ALLEGATIONS

16. On or about January 20, 2019, plaintiff was involved in a police chase which ended when plaintiff jumped from a highway overpass onto a road below, resulting in various serious physical injuries, including, but not limited to, a compound fracture of his right femur.

17. Due to his injuries, and the need for emergency medical care, plaintiff was transported to a Casper, Wyoming Hospital where emergency surgery was performed in order to implant a titanium rod (approximately 26 inches in length) stretching from his knee to hip.

18. Approximately 24 hours after his major surgery plaintiff was discharged from the hospital, with a portable oxygen machine, and transported by United States Marshalls to a "make-shift" Federal Courthouse "hearing" conducted in the parking lot of the Casper, Wyoming United States Federal Courthouse, prior to being booked into the Platte County Detention Center (hereinafter "PCDC") which was approximately 100 miles away, in Wheatland, Wyoming.

19. Upon arrival at the PCDC plaintiff was placed in holding cell, along with the portable oxygen machine, overnight, until he was moved to a regular PCDC Housing Unit the following day.

20. Plaintiff was not permitted to take with him, or continue using, the portable oxygen machine, once he was moved from the PCDC Holding Cell.

21. Plaintiff remained housed at the PCDC for approximately 5 to 7 days, during which time he was not examined by any PCDC health care staff of providers, medical personnel, or mental health staff or providers, despite plaintiff continuously complaining to staff concerning severe pain in his chest, rib, and leg areas.

22. Approximately 7 days after his arrest and placement in PCDC, plaintiff was transported, by the U.S. Marshall Service, to Scotts Bluff County Detention Center (hereinafter "SBCDC") located in Gering, Nebraska.

23. Upon arrival at SBCDC plaintiff was immediately placed on a 72 hour "suicide watch" and kept in an observation cell located in the detention center's booking area.

24. Throughout his 72 hour "suicide watch" period plaintiff continued to complain of severe pain in his legs, calf, and ribs.

25. Despite plaintiff's continued complaints of severe pain, plaintiff was not examined, or evaluated, by staff concerning his complaints.

26. Upon completion of the 72 hour "suicide watch" period, plaintiff was interviewed by a female staff member, whom plaintiff presumed was part of the medical or mental health staff of SBCDC.

27. during his interview with staff as stated above, plaintiff continued to complain of severe pain in his leg, calf, and ribs, at which time said staff member examined plaintiff's calf and immediately stated that she suspected that plaintiff had developed critical blood clots.

28. within approximately 30 minutes of the above stated staff members comments, plaintiff was transported to the Regional West Medical Center (located in Scotts Bluff, Nebraska) where he was diagnosed with numerous severe blood clots in his chest and leg, as well as pneumonia, and admitted into said hospital for emergency treatment.

29. Plaintiff remained in Regional West Medical Center for approximately 1 week, after which he was returned to the SBCDC and placed into general population, in a handicap equipped cell in order to accommodate his wheelchair.

V. CLAIM FOR RELIEF

( COUNT 1: Platte County Detention Center Defendants)

30. Plaintiff realleges, reaffirms, and incorporates by reference, the allegations set forth in paragraphs 3 through 9, paragraph 11, and paragraphs 13 through 29 as if fully set forth here.

31. At all times relevant herein the plaintiff, as a citizen of the United States of America, and resident of the State of Wyoming, maintained the right to be free from the infliction of cruel and unusual punishment.

32. That plaintiff's rights to be free from cruel and unusual punishment included the right to needed medical attention and care.

33. That defendants Harris, Russell, and John Doe #1 through #16 were aware of, and disregarded, the fact that plaintiff had undergone major surgery approximately 24 hours prior to his admission into the Platte County Detention Center, from which the inference should have been drawn that a substantial risk of serious hard existed if plaintiff's medical condition was not sufficiently monitored by staff and medical professionals at the Platte County Detention Center.

34. That said defendants, despite being aware of plaintiff's injuries, and despite plaintiff's continuous complaints of pain in his leg, ribs, and chest, did not take plaintiff's condition seriously and acted deliberately indifferent to plaintiff's medical needs.

35. That as a direct and proximate result of said defendants' conduct, plaintiff was injured in that he developed multiple life threatening, critical blood clots in his calf and chest areas, which ultimately resulted in plaintiff having to be rushed to a hospital, and admitted to said hospital for approximately 7 days for emergency treatment, and caused plaintiff to suffer excruciating pain and suffering.

(COUNT 2: Scotts Bluff County Detention Center defendants)

36. Plaintiff realleges, reaffirms, and incorporates by reference, the allegations set forth in paragraphs 10 and paragraphs 12 through 29 as if fully set forth here.

37. At all times relevant herein plaintiff, as a citizen of the United States of America, maintained the right to be free from the infliction of cruel and unusual punishment.

38. That plaintiff's right to be free from cruel and unusual punishment included the right to needed medical attention and care.

39. That defendants JOHN DOE #17 through #24 were aware of, and disregarded, the fact that plaintiff had undergone major surgery approximately one week prior to his admission into the Scotts Bluff County Detention Center, from which the inference should have been drawn that a substantial risk of serious harm existed if plaintiff's medical condition was not sufficiently monitored Staff and Medical Professionals at the Scotts Bluff County Detention Center.

40. That said defendants, despite being aware of plaintiff's injuries, and despite plaintiff's continuous complaints of pain in his leg, ribs, and chest, did not take plaintiff's condition seriously and acted deliberately indifferent to plaintiff's medical needs.

41. That as a direct and proximate result of said defendants' conduct, plaintiff was injured in that he developed multiple life threatening, critical blood clots in his calf and chest areas, which ultimately resulted in plaintiff having to be rushed to a hospital, and admitted to said hospital for approximately 7 days for emergency treatment, and caused plaintiff to suffer excruciating pain and suffering.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff demands that this Court enter judgment in his favor and against defendants, each of them, as follows:

A) For pain, suffering, inconvenience, and mental anguish, and amount no less than $75,000.00, as determined by the trier of fact;

B) For plaintiff's costs and expenses of suit; and,

C) For all other relief to which plaintiff may be entitled.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on his complaint in the above-entitled action.

Dated this ___4th___ Day of August, 2020:

By: _David A McK_ (signature)
David Anthony McKeown
Registry No. 17322-091
Federal Medical Center - Devens
P.O. Box 879
Ayer, MA 01432-0879

## VERIFICATION

I, David Anthony McKeown, hereby state that I am the plaintiff in this action and verify that the statements made in the foregoing Civil Rights Complaint are true and correct to the best of my knowledge, information, and belief.

Dated: August 4, 2020

By: David Anthony McKeown
(Plaintiff - Pro-se)
Registry No. 17322-091
Federal Medical Center - Devens
P.O. Box 879
Ayer, MA 01432-0879

David McKeown
Reg. No. 17322-091
Federal Medical Center - Devens
P.O. Box 879
Ayer, MA.
01432-0879



Clerk of U.S. District Court.
Ewing T. Kerr Federal Bldg.
111 South Wolcott St., 1st Floor
Casper, WY
82601

82601-253426